DECISION
Plaintiffs appeal Defendant's assessment of a penalty for tendering non-sufficient funds (NSF).
A case management conference was held Thursday, October 30, 2008. Pamela Abbott (Plaintiff) appeared on behalf of Plaintiffs. Laurie Fery (Fery), Tax Auditor, appeared on behalf of Defendant.
 I. STATEMENT OF FACTS
Plaintiffs remitted a check in the amount of $1,200 in payment of their 2007 Oregon income tax liability. That payment was "returned as NSF." (Def's Answer at 1.) Almost three months later, Plaintiffs remitted another check in the amount of $1,200 in payment of their 2007 Oregon income tax liability. That payment was "returned as NSF." (Id.) On August 20, 2008, Defendant issued its Notice of NSF Check Penalty in the amount of $500. (Id.)
Plaintiffs request that Defendant waive its penalty assessment. In her letter dated October 6, 2008, Plaintiff wrote that the "first NSF check from Washington Mutual was an oversight on my part." (Ptfs' Ltr at 1, Oct 16, 2008.) Plaintiff wrote that the second check was *Page 2 
returned because Plaintiffs had exceeded their credit limit on their Discover card when their 26-year-old daughter took the credit card and purchased clothes for Plaintiffs' granddaughter without their knowledge. (Id. at 2.) Fery asked Plaintiff if she reported the credit card as stolen or filed fraud charges against her daughter. Plaintiff stated that she did not and it would be difficult to bring any civil action against her daughter because of her daughter's physical disabilities, including an obsessive compulsive disorder and anorexia. Fery concluded that, because the use of Plaintiffs' credit card by their daughter was not beyond Plaintiffs' control, Defendant would not waive the penalty. In response to Plaintiff's statement that she always filed her taxes on time and paid the assessed tax, Fery explained that the penalty is only assessed after a taxpayer has remitted a second check that has been dishonored by the financial institution.
The court advised the parties that, based on the information presented and no request to submit additional information, the court would issue its decision.
 II. ANALYSIS
Plaintiffs request Defendant waive the penalty "for second dishonored payment of taxes." ORS 305.228.[1] ORS 305.228(4) provides that "[t]he department may waive all or any part of the penalty assessed under this section on a showing that there was a reasonable basis for tendering the check, draft, order or electronic funds transfer." In its administrative rule, Defendant defines "[r]easonable basis [as] any situation in which circumstances beyond the taxpayer's reasonable ability to control resulted in the refusal to honor the check." OAR 150-305.228(5).[2]
Defendant concluded that Plaintiffs' failure to maintain control of their credit card was not "beyond the taxpayer's reasonable ability to control." Defendant also concluded that, because Plaintiffs did *Page 3 
not report the charges as disputed or prosecute their daughter, they have assumed responsibility for the credit charges and the consequences resulting from those charges.
The court's standard of review of Defendant's decision is abuse of discretion. The court cannot substitute its judgment for Defendant's judgment. The court explained to Plaintiff that, given the review standard, the court concludes that Defendant did not abuse its discretion when Fery concluded that it was not beyond Plaintiffs' "reasonable ability to control" their credit cards and limit access to their credit cards.
 III. CONCLUSION
Based on the information provided to the court, the court acknowledges that the assessment of a penalty given the personal issues faced by Plaintiffs is very unfortunate. However, Defendant did not abuse its discretion in denying Plaintiffs' request to waive the penalty. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal is denied.
Dated this ____ day of November 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onNovember 13, 2008. The Court filed and entered this document on November13, 2008.
[1] References to the Oregon Revised Statutes (ORS) are to year 2007.
[2] References to the Oregon Administrative Rules (OAR) are to 2006. *Page 1